PROB 12B
(12/00)

# United States District Court
**for**
## The District of Rhode Island

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

**Name of Offender:** Krystal Pierce **Case Number:** 1:00CR0022-001T

**Name of Sentencing Judicial Officer:** Honorable Ernest C. Torres

**Date of Original Sentence:** 08/16/00

**Original Offense:** Distribution of Cocaine Base

**Original Sentence:** Custody of the Bureau of Prisons for forty-six (46) months, three (3) years supervised release with the special condition to perform 10 hours of community service per week in a program to be determined by the U.S. Probation Department

**Modification:** On August 20, 2003, supervised release was modified for the offender to perform 10 hours of community serve per week as approved by the U.S. Probation Department, for every week not employed full-time.

**Modification:** On June 2, 2004, supervised release was modified for the offender to participate in a mental health counseling program approved by the U.S. Probation Department.

**Type of Supervision:** Supervised Release **Date Supervision Commenced:** 06/27/03

---

☐ To extend the term of supervision for ______ years, for a total term of ______ years.

☒ To modify the conditions of supervision as follows:

1. During the term of supervised release, the offender shall submit up to 72 drug tests per year, as approved by the U.S. Probation Office.

2. Participate in a program approved by the U.S. Probation Department for substance abuse, which program may include testing to determine whether the offender has reverted to the use of drugs or alcohol.

Ms. Pierce has consented to the proposed modification and a Prob 49 - **Waiver of Hearing to Modify Conditions of Supervised Release** is attached.

PROB 12B
(12/00)

## CAUSE

To date, Ms. Pierce has completed two and one-half years of her three year term of supervised release. Subsequent to the imposition of the mental health condition during June of 2004, Ms. Pierce successfully completed her required mental health treatment at the time and seemed to be doing fairly well under supervision. Drug testing proved negative during this time. It is noted that Ms. Pierce is consistently delinquent in submitting her monthly supervision reports, but does respond to efforts to bring her into compliance in this regard.

Prior to December of 2005, she had been working full-time as a manger at McDonalds and was leading a law-abiding life. She had maintained a stable residential history and was supporting her dependents to the best of her ability. However, during December, her life began to spiral downward. She again began experiencing mental health concerns; she lost her job; and her residence became unstable warranting a temporary stay in a motel. Recently, she moved in with a friend and her mother in Hope Valley, Rhode Island. During a home inspection conducted on January 6, 2006, it was evident that Ms. Pierce was highly agitated and non-responsive to efforts to bring her into compliance. Briefly, she indicated that she felt she was "crazy," and was feeling paranoid creating difficulty functioning within society. She did not express any suicidal ideation.

Upon the insistence of this officer, Ms. Pierce was once again referred for mental health counseling and placement has been established at South Shore Mental Health, Charlestown, Rhode Island. She has had her initial emergency intake and has had one session with the staff psychiatrist. Her initial diagnosis was DSM - Psychotic Disorder - Not Otherwise Specified. Ms. Pierce has been prescribed Haldol, an anti-psychotic drug, 1 milligram daily. She will be assigned a therapist for weekly sessions, and will meet with the psychiatrist once per month, at least initially. Thus far, Ms. Pierce has adhered to her treatment and prescription medication regimen.

During the home inspection, the offender consented to providing a urine screen. Although Ms. Pierce denied using any illicit drugs at the time of the collection, this specimen returned positive for cocaine (2,630 nanograms), which is an extremely high level of cocaine, especially considering the offender's small girth. Upon confrontation on January 20, 2006, Ms. Pierce did admit that she was smoking cocaine base quite frequently starting just before Christmas until on or about January 12, 2006. In response to this violation, Ms. Pierce has been enrolled in the Color Code Urinalysis Program and will undergo weekly tests. Her current mental health treatment provider is aware of her recent cocaine use and will monitor accordingly regarding the need for an additional substance abuse treatment referral.

Once Ms. Pierce's mental health status stabilizes, she will be required to seek and maintain employment. She believes she will be able to secure a manager's position at a McDonalds close to her new residence. Further, should she fail to secure full-time employment, the issue of her ability to perform community service will be revisited. Unless the Court disagrees, at this time, this condition will be held in abeyance pending Ms. Pierce's stabilization within the community.

**Reviewed and Approved by:**

Barry Weiner

**Barry J. Weiner**
**Chief U.S. Probation Officer**

Date: 01/20/06

**Respectfully Submitted by:**

Maureen Bradley

**Maureen Bradley**
**Supervising U.S. Probation Officer**

Date: 01/20/06

PROB 12B
(12/00)

## The Court Orders

- ☐ No Action
- ☐ The Extension of Supervision as Noted Above
- ☑ The Modification of Conditions as Noted Above
- ☐ Other

Ernest C. Torres

Honorable Ernest C. Torres
Chief U.S. District Judge

1/23/06

Date

Prob 49
(Rev. 3/89)

# United States District Court
for
# The District of Rhode Island

## Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modifications of my Conditions of Supervised Release:

1. During the term of supervised release, the defendant shall submit up to 72 drug tests per year, as approved by the U.S. Probation Office.

2. Participate in a program approved by the U.S. Probation Department for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol.

Witness: [signature] Signed: [signature]

01/20/06
Date